McRAE, Justice,
dissenting:
¶28. This Court’s standard of review in appeals of cases from administrative agencies is limited. We only review the appeal to determine whether or not the order of the administrative agency (1) was supported by substantial evidence, (2) was arbitrary or capricious, (3) was beyond the power of the administrative agency to make, or (4) violated some statutory or constitutional right of the complaining party. Mississippi Dept. of Envtl. Quality v. Weems, 653 So.2d 266, 273 (Miss.1995) (citing State Tax Comm’n v. Earnest, 627 So.2d 313, 319 (Miss.1993)). I disagree with the majority’s conclusion that the decision of the hearing officer and of the Mississippi Employee Appeals Board was not supported by substantial evidence. There is substantial evidence of discrimination against Raymond Baum in this case.
¶29. In concluding that Baum failed to prove that he was discriminated against, the majority considers only the issue of whether the terminated employee is replaced by another employee who is a member of a different race. However, in reaching its conclusion, the majority substitutes its opinion for that of the hearing officer, who was the finder of fact. The fact finder determined that racial discrimination existed in the disciplinary proceedings of the Department of Human Services. Further, the hearing officer concluded that the ultimate termination of Baum was a product of racial discrimination. The Board’s findings echoed those of the hearing officer. Since this Court is not permitted to review these findings de novo, we must give them the utmost deference. See Mississippi State Bd. of Nursing v. Wilson, 624 So.2d 485, 489 (Miss.1993).
¶ 30. The hearing officer specifically found that the Department discriminated against Baum by failing to provide ■ him with the same treatment provided to Bruce Harris, and the record supports the hearing officer’s finding. Harris was in similar circumstances as Baum and had also been accused of falsifying records. However, Harris was not fired. Instead, he was given a written reprimand, was provided a written corrective action plan, and was given probation. Because Harris and Baum were in similar situations, they should have been treated similarly, and Baum should not have been fired. The hearing officer determined that there was some intent on the part of the Department of Human Services to discriminate against Baum, and the full Mississippi Employee Appeals Board affirmed the hearing officer’s decision. This Court should not overlook these facts. Because the majority does, however, I respectfully dissent.
SULLIVAN, P.J., and WALLER, J„ join this opinion.